AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia



In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 3:23-sw-79
)
Information Associated with the Cellular Telephone )
Assigned Call Number (919) 606-1569 that Is Stored at )
Premises Controlled by Verizon Wireless )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A.

located in the _____ District of ____New Jersey____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951(a) | Robbery Affecting Commerce |

The application is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Travis Jefferson, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/24/23

*Judge's signature*

City and state: Richmond, Virginia      Hon. Summer L. Speight
*Printed name and title*



IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (919) 606-1569 THAT IS STORED AT PREMISES CONTROLLED BY CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS | Case No. 3:23SW79<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Travis Jefferson, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (919) 606-1569 ("SUBJECT PHONE"), that is stored at premises controlled by Cellco Partnership d/b/a Verizon Wireless ("Verizon" or "THE PROVIDER"), a wireless telephone service provider with a service address of 180 Washington Valley Road, Bedminster, New Jersey 07921. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Verizon to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2.  I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since August 2021, and have over twelve years of experience as a law enforcement officer in the Commonwealth of Virginia. I was previously federally sworn as

a Special Deputy United States Marshal, assigned to the Capital Area Fugitive Task Force, and the High Intensity Drug Trafficking Area (Appalachian Division) Task Force. I have conducted, and assisted in multiple investigations to include narcotics, fraud, larceny, assault, firearm violations as well as numerous other criminal violations.

3. This affidavit is based upon my personal knowledge, information provided by other law enforcement personnel, and evidence obtained during this investigation. It is submitted only to support probable cause for the issuance of a search warrant and does not contain all information known to the government regarding this investigation.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 1951(a), robbery affecting commerce, have been committed by Jarviontae MCLAURINE on September 27, 2022, October 11, 2022, and October 13, 2022. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5. The United States, through the Bureau of Alcohol, Tobacco, Firearms, Explosives, is investigating four related armed, Hobbs Act Robberies in Richmond, Virginia. The investigation concerns violations of 18 U.S.C. § 1951(a), robbery affecting commerce.

6. The first robbery occurred at JK Market on September 27, 2022. JK Market is located at 4271 Walmsley Boulevard, Richmond, Virginia 23234. Richmond Police Department (RPD) responded to the robbery at 8:25 p.m. The owner stated three suspects entered the store and demanded money. The three suspects took over $32,000. One of the three suspects was armed with a handgun that he pointed at the store owner. All three suspects were wearing black face masks.

7. The second robbery occurred at a Valero on October 11, 2022. The Valero is located at 1201 Westover Hills Boulevard, Richmond, Virginia 2322. Richmond Police Department responded at 9:15 p.m. All suspects were believed to be armed with pistols and one pointed a pistol at the clerk's head. All three suspects were wearing black ski masks. An estimated $100-$150 and the clerk's iPhone were believed to be taken. Police recovered footage from surveillance cameras in the alleyway next to the store. From this video, it appears a fourth suspect arrived in the same vehicle as the three suspects who robbed the store. Based on the alleyway video and Valero's video, this fourth suspect, who was not wearing a mask, went into the store alone just before the robbery. He/she made a purchase and returned to the car before the other three entered the store to commit the robbery. Video shows the fourth suspect using a cell phone while shopping, checking out, and while exiting the store.

8. On October 11, 2022, approximately an hour after the Valero robbery, a third robbery occurred at the 7-Eleven located at 4718 Richmond Highway, Richmond, Virginia 23234. Richmond Police Department responded to the robbery at approximately 10:23 p.m. Three suspects entered the store, and one held the clerk at gunpoint as he/she walked around the counter. The suspects took $121. All three suspects were wearing ski masks and had the same clothing as the Valero Robbery.

9. The last robbery occurred on October 13, 2022, at Dollar General located at 3301 Richmond Highway, Richmond, Virginia 23234. Richmond Police Department responded to the robbery at approximately 8:59 p.m. The manager stated three armed suspects entered the store and demanded that everyone in the store give them their money. The suspects took $682 from the cash register and money from some of the victims. A GPS tracking device was placed inside the currency that was stolen. The GPS tracker was located by police in a yard at Hillside Court in

Richmond, Virginia. The tracker was collected by police and swabbed for DNA. After the DNA was analyzed by the Virginia Department of Forensic Science, a major DNA profile was developed and found to be consistent with Jarviontae MCLAURINE.

10. On January 10, 2023, I interviewed MCLAURINE, and he provided (919) 606-1569 as the phone number he was using at the time of these offenses. Law enforcement searches confirm that the SUBJECT PHONE used by MCLAURINE is assigned the phone number (919) 606-1569 which is operated by Verizon.

11. On May 15, 2023, I interviewed MCLAURINE a second time. MCLAURINE made statements indicating his involvement in the October 13th Dollar General Robbery, including: "I only got tracker money," "I put the tracker in my pocket," "I threw the tracker out," and "I was in the wrong place at the wrong time." MCLAURINE denied involvement in the other robberies and refused to name any of his co-conspirators in the Dollar General robbery.

12. The United States received records from Verizon pursuant to an Order under 18 U.S.C. § 2703(d). The records contained phone numbers that utilized one or more identified cell phone towers during a given timeframe, otherwise known as "tower dump" information. Verizon's response included records for the towers in the vicinity of the Dollar General store on October 13, 2022, around the time of the robbery. The records show the SUBJECT PHONE, with call number (919) 606-1569, utilizing the closest Verizon tower that provides cellular coverage for the Dollar General on October 13, 2022, around the time of the robbery.

13. Therefore, there is probable cause to believe that MCLAURINE is one of the three to four suspects involved in the four armed robberies. Because each of these robberies involved co-conspirators, it is likely that MCLAURINE may have used his cellular phone before or after the target offense. In fact, one of the co-conspirators is captured on surveillance video

using a phone during the Valero robbery on October 11, 2022. Evidence of the cell-site activity may provide information regarding MCLAURINE's location during the target offenses. Such information would assist law enforcement and serve to corroborate other evidence that is developed regarding MCLAURINE's involvement in the robberies.

14. Based on the foregoing, there is probable cause to believe that MCLAURINE was utilizing his cell phone to communicate during the robberies on September 27, 2022, October 11, 2022, and October 13, 2022. There is probable cause to believe that Verizon's location information from the SUBJECT PHONE for the days surrounding September 27, 2022, October 11, 2022, and October 13, 2022 will produce evidence that MCLAURINE committed the robberies.

15. In my training and experience, I have learned that Verizon is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

16.     Based on my training and experience, I know that cellular providers also store information about the location of cellular devices connected to their networks. This information can include a provider's estimation of the latitude and longitude of a cellular device, as well as information about the provider's confidence in the accuracy of that information. It can also include information about the estimated distance of a cellular device from the provider's tower. Cellular service providers use specific terms for their device location information. Verizon refers to it as timing advance information.

17.     Based on my training and experience, I know that Verizon can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as Verizon typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

18.     Based on my training and experience, I know that wireless providers such as Verizon typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as Verizon typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

19. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

20. I further request that the Court direct Verizon to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Verizon who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Travis Jefferson
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me on May 24, 2023.

_____/s/_____
Hon. Summer L. Speight
United States Magistrate Judge

7

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (919) 606-1569, ("SUBJECT PHONE"), that are stored at premises controlled by Verizon ("THE PROVIDER"), whose address for legal service is 180 Washington Valley Road, Bedminster, New Jersey 07921.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of THE PROVIDER, including any information that has been deleted but is still available to THE PROVIDER or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), THE PROVIDER is required to disclose to the government the following information pertaining to the SUBJECT PHONE listed in Attachment A for the time period of September 20, 2022 to October 20, 2022:

a. The following information about the customers or subscribers of the SUBJECT PHONE:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

  b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the SUBJECT PHONE, including:

      i. the date and time of the communication, the method of the communication (including whether communication is voice, text, or data), and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

      ii. information regarding the cell towers and antenna face, also known as "sectors" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless; **and**

      iii. information regarding the location of the cellular device described in Attachment A, including information regarding the device's latitude and longitude and distance to tower (known as timing advance information).

**II.**    **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 18 U.S.C. § 1951(a) (robbery affecting commerce) that have been committed by MCLAURINE during the period of September 20, 2022, to October 20, 2022.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are

3

authorized to review the records produced by the Provider in order to the locate the things particularly described in this Warrant.

4